IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY L. GARDNER O/B/O,<br>C.L.B. (MINOR),<br><br>    Plaintiff,<br><br>  -vs-<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 15-49 |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 14) and denying Defendant's Motion for Summary Judgment. (ECF No. 18).

### I.    **BACKGROUND**

Plaintiff, a minor child, through her mother, brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). The alleged onset date of disability is August 1, 2009. (ECF No. 11-5, p. 12). Administrative Law Judge ("ALJ"), Barbara Artuso, held a video hearing on April 16, 2013. (ECF No. 11-2, pp. 35-59). On August 22, 2013, the ALJ found that Claimant was not disabled under the Act. (ECF No. 11-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 14 and 18). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924. An impairment functionally equals a

listed impairment if the child has "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that although Plaintiff has severe impairments,[3] Plaintiff does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §416.924. (ECF No. 11-2, pp. 19-33). As a result, the ALJ found that Plaintiff was not disabled under the Act.

---

[1] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[2] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

[3] The ALJ found the claimant's severe impairments to be: migraine headaches and an adjustment disorder with mixed anxiety and depressed moods. (ECF No. 11-2, p. 19).

### B. **Whether the ALJ erred in determining that Plaintiff did not meet or medically equal a Listing**

Plaintiff argues that the ALJ erred in determining that Claimant did not meet an impairment in the Listings, specifically Listing 111.03 (non-convulsive epilepsy). (ECF No. 15, p. 3-7). To that end, Plaintiff argues that the ALJ failed to provide any substantive analysis regarding Listing 111.03 to determine whether Plaintiff actually met or equaled the Listing. *Id.* As a result, the Plaintiff essentially argues that there is insufficient discussion for this court to make a meaningful review and the case should be remanded for full finding by the Administrative Law Judge with regard to this issue. *Id.* After careful consideration, I agree.

An applicant is *per* se disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (*quoting Sims v. Apfel,* 530 U.S. 103 (2000)).

The listing at issue in this case is Listing 111.03 (non-convulsive epilepsy). Listing 111.03 is met when a child has an established seizure disorder, the occurrence of more than one minor motor seizure per week, with alteration of awareness or loss of consciousness, despite at least 3 months of prescribed treatment. In this case, the ALJ fails to engage in any analysis as to whether Claimant meets this Listing. In two sentences, the ALJ summarily concludes that "the medical evidence does not contain the objective signs, symptoms or findings, or the degree of functional limitations, necessary for the claimant's impairments, considered singly or in combination, to meet or equal the severity of any sub-section or section contained in Appendix 1." (ECF No. 11-2, p. 19). Without more, I find that I cannot engage in any meaningful review. While I acknowledge that the ALJ discusses the evidence in the next

4

section to determine whether Claimant has an impairment or combination of impairments that functionally equals the listing, she fails to make any reference to said evidence in determining if Claimant actually met or equaled Listing 111.03. It is not for me to speculate that this is the exact evidence that the ALJ used in making her decision. It is well-established that "[i]f an ALJ fails to mention probative evidence, then a reviewing court will not be able to determine whether the ALJ's decision is supported by substantial evidence under §405(g)." *McDonnell v. Astrue,* Civ. A. No. 10-222, 2010 WL 3938259 at *6 (W.D. Pa. Oct. 5, 2010).

Consequently, I find that the ALJ's failure to discuss any of the evidence in support of her conclusion that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments necessitates a remand to the Commission for further proceedings. On remand, the ALJ should set forth and analyze the evidence of record used in making her determination that Claimant did not meet Listing §111.03.[4]

An appropriate order shall follow.

---

[4] Plaintiff further argues that the ALJ erred when he found that Plaintiff does not have an impairment or combination of impairments that functionally equal the listing. (ECF No. 15, pp. 8-11). Because I am remanding this matter as to whether Plaintiff meets a listing, I refrain from making a decision at this time on the issue of whether the ALJ erred in determining that Plaintiff does not have an impairment or combination of impairments that functionally equal the listing.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY L. GARDNER O/B/O,<br>C.L.B. (MINOR),<br><br>    Plaintiff,<br><br> -vs-<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 15-49 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 7th day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 14) is granted and Defendant's Motion for Summary Judgment (Docket No. 18) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge